In re: THE COMPLAINT AND PETI-
TION OF MAGNOLIA MARINE
TRANSPORT COMPANY, as Owner
of the M/V Robert Y. Love, its En-
gines, Tackle, Etc., in a Cause of Ex-
oneration from or Limitation of Lia-
bility

No. 6:02–CV–615.

United States District Court,
E.D. Oklahoma.

Feb. 4, 2003.

## *ORDER*

PAYNE, District Judge.

This action arises out of the Petition for Limitation of Liability by Magnolia Marine Transport Company, Inc. "Magnolia". Pending before this court is Claimant, State of Oklahoma's Motion to Dismiss on the Basis of Sovereign Immunity and Petitioner, Magnolia Marine's Response in Opposition to State of Oklahoma's Motion to Dismiss on the Basis of Sovereign Immunity.

*FACTS*

This action arises out of an incident in which a tugboat collided with the Interstate 40 bridge over the Arkansas River. On May 26, 2002, the tugboat "M/V ROBERT Y. LOVE" piloted by William Joe Dedmon "Dedmon", owned and operated by Magnolia, was pushing two barges, owned/chartered by Ergon, Inc. "Ergon", upstream on the Arkansas River near Webbers Falls, Oklahoma. The M/V ROBERT Y. LOVE struck the Interstate Highway 40 bridge causing it to collapse into the Arkansas river. As a result of the

collapse numerous vehicles were forced off the bridge and into the river, killing fourteen people and injuring numerous others.

On June 3, 2002, Magnolia filed a Petition in Limitation in the United States District Court for the Southern District of Mississippi pursuant to 46 U.S.C. App §§ 181–189, the Limitation of Liability Act.[1] On June 4, 2002, the district court in Mississippi entered an order enjoining any proceeding against the owner of the M/V ROBERT Y. LOVE other than the limitation proceeding. On June 4, 2002, the State of Oklahoma filed suit against Magnolia, Ergon, and Dedmon in Muskogee County District Court. On June 21, 2002, Defendants removed the state court action to the United States District Court for the Eastern District of Oklahoma. On November 7, 2002 Magnolia's Petition for Limitation was transferred from the Southern District of Mississippi to this Court.

*DISCUSSION*

Supplemental Rules for Certain Admiralty and Maritime Claims Rule F sets forth the process for filing a complaint seeking exoneration from liability or limitation of liability. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448, 121 S.Ct. 993, 148 L.Ed.2d 931 (2001). Rule F(1) provides that a "vessel owner may file a complaint in the appropriate district court... For limitation of liability pursuant to statute." Rule F(1) also requires the vessel owner to deposit with the district court or a trustee, security in an amount equal to the "value of the owner's interest in the vessel and pending freight." Once the shipowner posts security, Rule F(4) instructs the district court to "issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice." Upon the shipowner's request, Rule F(3) directs the district court to "enjoin the further prosecution of any action or proceeding against the plaintiff or plaintiff's property with respect to any claim subject to limitation in this action." The court sitting without a jury, adjudicates the claims. The court determines whether the vessel owner is liable and whether the owner may limit liability.

■ Once the liability of the vessel's owner is decided, the court then determines the validity of the claims, and if liability is limited, distributes the limited fund among the claimants. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448, 121 S.Ct. 993, 148 L.Ed.2d 931 (2001).[2] Claimants asserting valid claims receive a pro rata distribution of "the fund deposited or secured, or the proceeds of the vessel and pending freight." Supplemental Rules for Certain Admiralty and Maritime Claims Rule F(8); *Bouchard Transp., Co. v. Updegraff*, 147 F.3d 1344, 1347–1348 (11th Cir.1998). The limitation issue is decided in federal court under it's federal admiralty jurisdiction. *Lewis v. Lewis &*

---

1. *46 U.S.C.App. § 183(a)* states: "The liability of the owner of any vessel ... for any ... loss or destruction by any person of any property, goods, or merchandise shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage ... done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not ... exceed the amount or value or the interest of such

owner in such vessel, and her freight then pending."

2. Congress enacted the Limitation Act in 1851 "to encourage ship-building and to induce capitalists to invest money in this branch of industry." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446–447, 121 S.Ct. 993, 148 L.Ed.2d 931, (2001) quoting *Norwich & N.Y. Transp. Co. v. Wright*, 13 Wall. 104, 121 20 L.Ed. 585 (1871).

*Clark Marine, Inc.,* 531 U.S. 438, 442–443, 121 S.Ct. 993, 148 L.Ed.2d 931, (2001).

Oklahoma argues the limitation proceeding violates it's Eleventh Amendment immunity by forcing the State of Oklahoma to litigate in federal court against its will.

The Constitution of the United States of America establishes "... a National Government with broad, often plenary authority over matters within its recognized competence, the founding document 'specifically recognizes the States as sovereign entities.'" *Alden v. Maine,* 527 U.S. 706, 713, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999) quoting *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 71, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). The Federal Government was created as one of limited powers "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. Amend. X. Thus, States retain significant sovereign authority under our constitutional structure, *Gregory v. Ashcroft,* 501 U.S. 452, 457–458, 111 S.Ct. 2395, 115 L.Ed.2d 410,[3] and "with their sovereignty in tact." *Blatchford v. Native Village of Noatak,* 501 U.S. 775, 779, 111 S.Ct. 2578, 115 L.Ed.2d 686 (1991). A defining characteristic of sovereignty is immunity from suit without consent. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *Blatchford v. Native Village of Noatak,* 501 U.S. 775, 779, 111 S.Ct. 2578, 115 L.Ed.2d 686 (1991); *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890).

■ ▪ The Eleventh Amendment to the United States Constitution provides, "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of an Foreign State." U.S. Const. Amend. XI. The Eleventh Amendment immunizes states from suits in law or equity, including injunctive actions. *Elam Constr. Inc. v. Reg'l Transp. Dist.,* 129 F.3d 1343, 1345 (10th Cir.1997).

The Supreme Court's reading of the Eleventh Amendment has consistently exceeded the scope of the amendment's text, "[W]e have understood the Eleventh Amendment to stand not so much for what it says, but for the presupposition of constitutional structure which it confirms." *Blatchford v. Native Village of Noatak,* 501 U.S. 775, 779, 111 S.Ct. 2578, 115 L.Ed.2d 686 (1991). The constitutional structure discussed by the court relates to each state's status as a sovereign.

Clearly, states have retained their immunity from suits by private parties.[4] *Federal Maritime Commission v. South Carolina State Ports Authority,* 535 U.S. 743, 122 S.Ct. 1864, 1870, 152 L.Ed.2d 962 (2002). Therefore, the issue is whether the filing of a limitation proceeding under the Limitation of Liability Act and the Supplemental Rules for Certain Admiralty and Maritime Claims Rule F constitutes a suit against the State of Oklahoma.

The language of the Eleventh Amendment has been interpreted by the United

---

**3.** James Madison stated "The powers delegated by the proposed Constitution to the federal government are few and defined. Those which are to remain in the State governments are numerous and indefinite ..." The Federalist No. 45, pp. 292–293 (C. Rossiter ed.1961).

**4.** "For over a century we have reaffirmed that federal jurisdiction over suits against unconsenting States 'was not contemplated by the Constitution when establishing the judicial power of the United States.'" *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1995) quoting *Hans v. Louisiana,* 134 U.S. 1, 15, 10 S.Ct. 504, 33 L.Ed. 842 (1890).

States Supreme Court to not only include "any suit in law of equity," but also includes federal maritime jurisdiction. *California v. Deep Sea Research*, 523 U.S. 491, 495, 118 S.Ct. 1464, 140 L.Ed.2d 626 (1998); *Welch v. Texas Dept. of Highways and Public Transp.*, 483 U.S. 468, 472–473, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987); *Ex Parte New York, No. 1*, 256 U.S. 490, 497, 41 S.Ct. 588, 65 L.Ed. 1057 (1921).

The State of Oklahoma analogizes the monition and stay order entered by a court in a Limitation Action to that of an injunction or interpleader action, both of which are prohibited by the Eleventh Amendment. *Cory v. White*, 457 U.S. 85, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982).

A limitation action does involve a stay of other proceedings, pending a decision on whether or not limitation will be granted. However, a limitation action is unique in that it does not enjoin a party from certain action nor does it command a party to perform an action. *Application of Sandbar I, Inc.* 1992 WL 84277 (E.D.La.1992). Rather, it allows a vessel's owner a forum to establish whether or not the owner is entitled to limitation of liability as to claims arising out of an allision. *In re Abaco Treasure Ltd.*, 1993 A.M.C.1976, 1977 (S.D.Fla.1993). An automatic stay of other lawsuits is provided under 46 U.S.C.App. § 185, the stay is temporary until the federal district court can resolve the limitation issue. *Application of Sandbar I, Inc.*, 1992 WL 84277 (E.D.La.1992). Furthermore, the stay does not bar prospective claimants from collecting once the court determines the limitation fund. Therefore, the limitation action is not analogous to an injunction under the Eleventh Amendment.

■ The State of Oklahoma has also suggested that a limitation proceeding is similar to a federal interpleader action.

The Eleventh Amendment bars interpleader actions in which a State is a named defendant. *Cory v. White*, 457 U.S. 85, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982); *Worcester County Trust Co. v. Riley*, 302 U.S. 292, 58 S.Ct. 185, 82 L.Ed. 268 (1937). In *Cory*, both Texas and California attempted to levy death taxes on the estate of Howard Hughes, claiming that he was a domicile of their respective state. The administrator of the estate brought a statutory interpleader action in a federal district court in Texas, naming both Texas and California as defendants in the action. The Supreme Court held this action violated the Eleventh Amendment because it was a suit against Texas and California. *Cory v. White*, 457 U.S. 85, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982).

■ Unlike interpleader actions, a limitation proceeding does not involve the resolution of competing claims over a particular *res*. Rather, it is a statutory procedure used to create a forum in which all claims may be administered.[5] An interpleader action resembles an action for declaratory relief, in which adversarial issues are decided. In contrast, a limitation action determines whether the Petitioner will be able to limit its liability for claims rising out of a maritime accident, and the amount of the limitation fund. *Application of Sandbar I, Inc.*, 1992 WL 84277 (E.D.La. 1992).

■ In *Deep Sea Research*, the Supreme Court held that the Eleventh Amendment does not bar an in rem admiralty action where the state does not have possession of the res. *California v. Deep Sea Research*, 523 U.S. 491, 118 S.Ct. 1464, 140 L.Ed.2d 626. In *Bouchard Transp., Co. v. Updegraff*, 147 F.3d 1344 (11th Cir. 1998), the Eleventh Circuit held that an admiralty limitation proceeding was suffi-

---

**5.** If the court grants limitation.

ciently analogous to an *in rem* action to hold that the Eleventh Amendment is not applicable to a limitation action under 46 U.S.C.App. § 183. *Bouchard Transp., Co. v. Updegraff,* 147 F.3d 1344, 1349.

Like an in rem action, the limitation proceeding, does not name any specific entities as defendants in the complaints, nor formally serve process on any of the claimants.[6] *Bouchard Transp., Co. v. Updegraff,* 147 F.3d at 1349. Rather, the owner of the vessel seeking liability posts security bond with the district court in the amount of any potential liability and the district court then follows the procedure set out in Rule F(4). The bonds are then made part of the record of the case. *Bouchard Transp., Co. v. Updegraff,* 147 F.3d at 1349. The vessel remains in the possession of it's owner. Then the claimants enter the limitation proceeding on their own initiative by filing and serving a claim in conformity with Rule F(5). *Bouchard Transp., Co. v. Updegraff,* 147 F.3d at 1349. In this instance, as in *Deep Sea Research,* Oklahoma does not have possession of any res in dispute, it is not a named party in the suit, nor has it ever been served by the defendant in this proceeding.

 The Limitation Act changes the claimants' remedies under common law and maritime law if it is proved that the owners of the vessel are entitled to limit their liability. If this occurs, the owners are exonerated of their personam liability above that of the value of the vessel and its pending freight. *Bouchard Transp., Co. v. Updegraff,* 147 F.3d at 1349. Therefore, the Limitation Act preempts general mari-

time and common law causes of action against the owner of the vessel outside the limitation proceeding. *Id.* Thus, if Oklahoma were immune from the limitation proceeding, and limitation is granted, Oklahoma would be left without any maritime or common law remedies.[7] In the alternative, if the limitation request is denied, Oklahoma is afforded normal maritime and common law causes of action.

Accordingly, the State of Oklahoma's motion to dismiss is overruled.

---

**6.** Rule F(2) requires that the complaint set forth the facts on which limitation is asserted, and list all law suits pending against the vessel owner, however, the complaint does not name the plaintiffs in those actions as defendants in the limitation proceeding. Rather, all potential claimants must enter the limita-

tion proceeding on their own and sever a claim in compliance with Rule F(5). *Bouchard Transp., Co. v. Updegraff,* 147 F.3d at 1349, fn. 5 (11 Cir.1998).

**7.** See generally, *Bouchard Tranp., Co. v. Updegraff,* 147 F.3d at 1349, (11 Cir.1998).